IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BILLY FREE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:09-CV-26-WKW [WO] |
| ) | |
| JAMES BAKER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is a Motion to Remand (Doc. # 8), filed by Plaintiff Billy Free ("Free"). Defendants James Baker, R+L Carriers Shared Services, LLC, and Greenwood Motor Lines ("Defendants") submitted an Opposition to Motion to Remand. (Doc. # 13.) For the reasons set forth below, the court finds that the Motion to Remand is due to be denied.

**I. FACTS AND PROCEDURAL HISTORY**

On or about December 8, 2008, Mr. Free filed this lawsuit in the Circuit Court of Montgomery County, Alabama, against Defendants. The complaint relates to a motor vehicle collision that occurred in April 2007 between a tractor-trailer operated by Mr. Free and a tractor-trailer alleged to be under the ownership or control of Defendants. The four-count complaint sounds in negligence and wantonness. It asserts in Count One that Mr. Free "incurred medical expenses, suffered back surgery, suffered physical and mental pain, [and] lost income/jobs because of his inability to work and will continue to suffer in the future."

(Compl. 3.) These allegations are incorporated into the remaining three counts, each of which requests both unspecified compensatory and punitive damages for Mr. Free's injuries. (Compl. 4-5.)

Defendants removed the case on January 9, 2009, basing federal jurisdiction upon 28 U.S.C. §§ 1332 and 1441(a) & (b). (Notice Removal ¶¶ 15 & 16 (Doc. # 1).) Defendants assert that a detailed demand letter received by Defendants from Mr. Free requesting $650,000 in settlement funds satisfies the amount in controversy requirement. The demand letter is attached as an exhibit to the Notice of Removal.

Defendants also assert that the citizenship of R&L Transportation, LLC, the only non-diverse defendant, should not be considered for diversity purposes because it was fraudulently joined. (Notice Removal ¶ 26.) In his Motion to Remand, Mr. Free does not address whether R&L Transportation, LLC, is a fraudulently-joined defendant, but instead focuses on the amount in controversy. Mr. Free contends that the amount in controversy is not met, stating that the complaint invokes only the jurisdictional minimum for circuit courts in Alabama (which is an amount exceeding $10,000), but is otherwise silent as to the amount in controversy. (Mot. Remand ¶ 2 (Doc. # 8).) He also asserts that, "even though Defendants suggest that [his] pre-suit settlement correspondence demands $650,000, [his] known out of pocket damages . . . are actually less than $45,000." (Mot. Remand ¶ 3.) Mr. Free attaches affidavits supporting this contention.

2

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*.

## III. DISCUSSION

### A. Amount in Controversy

In his Motion to Remand, Mr. Free challenges the propriety of the removal on the ground that the jurisdictional amount in controversy requirement is not met. (Mot. Remand ¶ 9.) Federal district courts may exercise diversity jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. §§ 1332(a)-1332(b).

The issue at this stage is the propriety of the removal. A defendant may base removal jurisdiction either (1) on "an initial pleading" or (2) at a later time, on "'an amended pleading, motion, order or other paper.'" *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007) (citing 28 U.S.C. § 1446(b)), *cert. denied*, 128 S. Ct. 2877 (2008). In the

3

second scenario, the amended pleading, motion or other paper must have been "received" by the defendant from the plaintiff. *Id.* at 1213 n.63. In *Lowery*, the court expressly noted that a demand letter establishing an amount in controversy exceeding $75,000 constitutes an "other paper" upon which removal may be based. *Id*. at 1212 n.62; *see also Bankhead v. Am. Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1333 (M.D. Ala. 2008) (A settlement letter can qualify as "'other paper,' which under . . . § 1446(b) can serve as a basis for removal" and, when part of the removing documents, can be "admissible evidence of the amount in controversy at the time of removal." (citing *Lowery*, 483 F.3d at 1212 n.62)).

If a plaintiff's challenge to a diversity-based removal is timely, the court is limited to reviewing the documents presented at the time of removal. *Lowery*, 483 F.3d at 1213-14 (citing 28 U.S.C. § 1447(c)). Moreover, when the complaint alleges unspecified damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence, *id.* at 1208, but may not conduct post-removal discovery to do so. Therefore, the court is strictly tied to the notice of removal and its accompanying documents when examining its jurisdiction. "[N]either the defendants nor the court may speculate in an attempt to make up for the notice's failings," *id.* at 1214-15, and unless the jurisdictional amount "is either stated clearly on the face of the [removal] documents before the court, or readily deducible from them," *id.* at 1211, the case must be remanded.

Here, Defendants removed this action on the basis of a pre-suit settlement demand letter received from Mr. Free. For purposes of ascertaining the amount in controversy,

4

consideration of the pre-suit demand letter is permitted by *Lowery*. *See* 483 F.3d at 1212 n.62. The issue is whether the demand letter written by Mr. Free's attorney establishes by a preponderance of the evidence that the amount sought in the complaint, although unspecified, is greater than $75,000. In the demand letter, Mr. Free seeks to recover the amount he has paid in medical bills, valued at "over $69,000," as well as lost wages, which he has valued at $27,642.16 per year. (Notice Removal, Ex. B.) The demand letter states that Mr. Free will "settle this claim for $650,000." (Notice Removal, Ex. B.) This demand letter clearly establishes that $650,000 is at issue, and, notably, Mr. Free has not disputed the validity of the amount of damages contained in the demand letter. The minimum jurisdictional amount, therefore, is met.

In his Motion to Remand, however, Mr. Free argues that, although his "pre-suit settlement correspondence demands $650,000, the known out of pocket damages of Mr. Free are actually less than $45,000," pointing to attached affidavits as support for this contention. (Mot. Remand ¶ 3.) Courts have considered post-removal affidavits that clarify the amount in controversy at the time of removal where the complaint is silent as to damages. *See Hardy v. Jim Walter Homes, Inc.*, No. 06-0687-WS-B, 2007 WL 1889896, at *3 n. 6 (S.D. Ala. June 28, 2007) (collecting cases). In the first affidavit, Doug Kitchens, the risk manager for Mr. Free's employer, states that Mr. Free has been paid a total of $44,899.23, consisting of workers' compensation benefits and medical bills, as a result of the accident at issue. (Mot. Remand, Ex. A.) In the second affidavit, Mr. Free states that his medical bills have been paid

5

in full by his employer and that the amount of out-of-pocket expenses "that [he] can quantify at this time" is limited to the $44,899.23 subrogation claim paid by his employer. (Mot. Remand, Ex. B.) Mr. Free claims that, because $44,899.23 is less than the jurisdictional minimum, *see* 28 U.S.C. § 1332(a), the amount in controversy is not met. What neither of these affidavits claims, however, is that the amount in controversy was $75,000 or less *at the time of removal*.[1] The affidavits, therefore, cannot be considered under *Hardy*'s rationale.

### B. Fraudulent Joinder

In the Notice of Removal, Defendants assert that there is complete diversity of parties with the exception of Defendant R&L Transportation, LLC, which they contend is fraudulently joined. (Notice Removal ¶ 5.) Fraudulent joinder is an exception to the requirement of complete diversity. Where a defendant shows that "there is no possibility the plaintiff can establish a cause of action against the resident defendant," the plaintiff is said to have fraudulently joined the non-diverse defendant. *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). In such a situation, the federal court must dismiss the non-diverse defendant. *See Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007). Although when assessing fraudulent joinder courts may consider, in addition to the plaintiff's pleadings, affidavits and deposition transcripts submitted by either party, *Legg v. Wyeth*, 428

---

[1] The affidavits submitted address only the medical costs and lost wages, but say nothing of the compensatory and punitive damages sought in the complaint.

6

F.3d 1317, 1322 (11th Cir. 2005), "the jurisdictional inquiry must not subsume substantive determination," *Crowe,* 113 F.3d at 1538 (internal quotation marks and citation omitted).

In his complaint, Mr. Free asserts that R&L Transportation, LLC, has its principal place of business in Jefferson County, Alabama (Compl. ¶ 5), but presents no information regarding the citizenship of the members of the LLC. *See Rolling Greens, MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that, for purposes of assessing diversity of citizenship, "a limited liability company is a citizen of any state of which a member of the company is a citizen"). Defendants contend that, regardless of R&L Transportation, LLC's citizenship, it "has no connection or affiliation with any of the other defendants, any company related to these other defendants, or the facts and transactions upon which the Complaint is based" (Notice Removal ¶ 5), and this contention is supported by an attached affidavit (Notice Removal ¶¶ 7 & 8, Ex. C). Hence, Defendants contend that there is no possibility that Mr. Free can establish a cause of action against R&L Transportation, LLC. Mr. Free does not address Defendants' assertions that this defendant was fraudulently joined. Defendants' evidence stands unrebutted, and the court finds that the evidence establishes that R&L Transportation, LLC, was fraudulently joined.[2] It, therefore, is due to be dismissed. Accordingly, there is complete diversity.

---

[2] Thus, it is unnecessary to resolve R&L Transportation, LLC's citizenship

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that Mr. Free's Motion to Remand (Doc. # 8) is DENIED and that Defendant R&L Transportation, LLC, is DISMISSED as a party to this case.

DONE this 19th day of June, 2009.

                                       /s/   W.  Keith Watkins  
                                    UNITED STATES DISTRICT JUDGE